## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE CAPOBIANCO<br>38912 Seagull Road<br>Selbyville, DE 19975<br><br>             Plaintiff<br><br>v.<br><br>ARLENE GLENN SIMOLIKE, ESQ.<br>AND ASSOCIATES, P.C.<br>1200 Bustleton Pike, Suite 15A<br>Feasterville, PA 19053<br><br>             and<br><br>ARLENE GLENN SIMOLIKE, ESQUIRE<br>1200 Bustleton Pike, Suite 15A<br>Feasterville, PA 19053<br><br>             Defendants | CIVIL ACTION NO. |

## COMPLAINT

**AND NOW** comes Plaintiff Lawrence Capobianco, by and through his undersigned counsel, Alan L. Frank, Esquire and the law firm of Alan L. Frank Law Associates, P.C., bringing this civil action against Defendants Arlene Glenn Simolike, Esq. and Associates, P.C. and Arlene Glenn Simolike, Esquire, and in support thereof, respectfully aver as follows:

### THE PARTIES

1. Plaintiff, Lawrence Capobianco (hereinafter "Capobianco"), is an adult individual who resides at 38912 Seagull Road, Selbyville, Delaware 19975.

2. It is believed, and therefore averred, that Defendant Arlene Glenn Simolike, Esq. and Associates, P.C. (hereinafter the "Firm") is a professional corporation organized and existing pursuant to the laws of the Commonwealth of Pennsylvania with an address at 1200 Bustleton Pike, Suite 15A, Feasterville, PA 19053.

3. It is believed, and therefore averred, that Arlene Glenn Simolike, Esquire (hereinafter "Simolike") is an attorney licensed to practice law in the State of New Jersey and is a partner of the Firm.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter pursuant to *28 U.S.C. §1332(a)(1)* in that the matter in controversy, exclusive of interest and costs, exceeds Seventy Five Thousand ($75,000.00) Dollars and the dispute is between citizens of different States.

5. Venue is proper in this judicial district pursuant to the provisions of *28 U.S.C. § 1391(a)(2)* in that a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. Venue is proper in this judicial district pursuant to the provisions of *28 U.S.C. §1391(a)(2)* as well in that the property that is the subject of the underlying claim is situated in this judicial district.

## FACTS COMMON TO ALL COUNTS

7. Capobianco was previously the owner of real estate located in the City of North Wildwood, State of New Jersey.

8. Specifically, Capobianco previously owned the property located at 208 W. 17th Street, North Wildwood, New Jersey 08260 (hereinafter the "Property").

9. In or around 2003, Capobianco sold the Property to his son, Joseph Capobianco (hereinafter "Joseph"), and his son's then wife, Camille Capobianco (hereinafter "Camille").

10. Capobianco sold the Property to Joseph and Camille for the sum of One Hundred Eighty Thousand ($180,000.00) Dollars to be paid over a thirty (30) year period at the rate of Five Hundred ($500.00) Dollars per month without interest.

11. Capobianco, Joseph and Camille agreed that the promissory note pursuant to which Joseph and Camille purchased the Property would be secured by a traditional mortgage.

12. Thereafter, Camille introduced Capobianco to Simolike for the purpose of having Simolike prepare all of the documents required for the sale and mortgage of the Property.

13. Capobianco and Joseph and Camille split the attorneys fees required to have Simolike prepare a contract of sale for the Property, a deed for the transfer of the Property, a promissory note evidencing Joseph's and Camille's indebtedness to Capobianco and the mortgage securing the promissory note with the Property.

14. Simolike never sought a waiver of any potential conflicts of interest that arose by virtue of her representation of both the seller and the buyer of the Property.

15. Simolike prepared all of the requisite documents which were executed by each of Capobianco, Joseph and Camille.

16. It is believed, and therefore averred, that a few days following Capobianco's, Joseph's and Camille's execution of all of the documents, Camille contacted Simolike and advised her not to record the mortgage on the Property that was executed in favor of Capobianco.

17. Capobianco never consented to have the mortgage on the Property remain unrecorded.

18.     Notwithstanding that failure to record the mortgage on the Property directly affected Capobianco's legal rights, Simolike never recorded the mortgage on the Property.

19.     Neither Simolike, Joseph or Camille ever advised Capobianco that the mortgage on the Property was not recorded.

20.     It was not until May of 2009 that Capobianco first learned that the mortgage on the Property had not been recorded, when he visited with Simolike because Joseph and Camille were then a few months in arrears on the promissory note.

21.     Capobianco also first learned in May of 2009 that Joseph and Camille mortgaged the Property in favor of Chase Home Finance, LLC in or around 2006.

22.     Since Simolike had failed to record the first mortgage on the Property executed in favor of Capobianco, he was never notified of the mortgage executed in favor of Chase Home Finance, LLC until approximately three (3) years after it was executed and recorded.

23.     After Joseph and Camille discontinued making the monthly payments on the promissory note, Capobianco met with Simolike in May of 2009 to determine his remedies, including possible foreclosure on the Property, at which time Simolike first advised Capobianco that, at Camille's request, Simolike failed to record the mortgage on the Property, and therefore, foreclosure was not an option.

24.     During their meeting in May of 2009, Simolike admitted that there was no written or oral instruction from Capobianco to refrain from recording the mortgage on the Property.

25.     Thereafter, Capobianco met with Attorney Paul Herron for the purpose of having the mortgage on the Property in his favor recorded and to initiate a lawsuit against Joseph and Camille for the balance due under the promissory note.

26. Capobianco obtained a judgment in the amount of One Hundred Seventy Nine Thousand ($179,000.00) Dollars in 2009 against each of Joseph and Camille.

27. On or about December 9, 2010, Camille filed for protection pursuant to the United States Bankruptcy Code.

28. It is believed, and therefore averred, that a bankruptcy filing on behalf of Joseph is imminent.

29. Neither Camille nor Joseph maintain any assets to satisfy the outstanding judgment against them; and the Property is encumbered by the first mortgage recorded in favor of Chase Home Finance, LLC.

30. Thus, the judgment obtained on behalf of Capobianco in the amount of One Hundred Seventy Nine Thousand ($179,000.00) is uncolletible and has no real value.

31. Accordingly, Capobianco has been damaged by an amount in excess of One Hundred Seventy Nine Thousand ($179,000.00) Dollars.

32. This suit follows.

## COUNT I - CONFLICT OF INTEREST

33. Plaintiff incorporates paragraphs 1 through 32 above as if they were set forth at length herein.

34. As stated in greater detail herein above, Simolike, individually and as the authorized agent and representative of the Firm, specifically knew that Joseph and Camille were Capobianco's son and daughter-in-law, respectively.

35. That notwithstanding, the Firm and Simolike undertook the legal representation of Capobianco on the one hand in connection with his sale of the Property, and Joseph and Camille

on the other hand in connection with their purchase of the Property.

36. Specifically, the Firm and Simolike prepared the contract of sale for the Property, a deed for the transfer of the Property, a promissory note evidencing Joseph's and Camille's indebtedness to Capobianco and the mortgage securing the promissory note with the Property and agreed to record the mortgage on the Property.

37. The Firm and Simolike had a conflict of interest in representing Capobianco and Joseph and Camille knowing that they had competing interests under the promissory note and mortgage securing such note.

38. The Firm and Simolike had a conflict of interest in representing Capobianco and Joseph and Camille knowing that they had competing interests in the recordation of the mortgage on the Property.

39. The Firm and Simolike breached the duty of care that they owed to Capobianco by failing to record the mortgage on the Property at the request of Camille, who maintained competing interests with Capobianco with respect to the recordation of the mortgage on the Property.

40. As the direct and proximate result of the Firm's and Simolike's conflict of interest in representing Capobianco and Joseph and Camille, Capobianco suffered damages in excess of One Hundred Seventy Nine Thousand ($179,000.00) Dollars.

WHEREFORE, Lawrence Capobianco respectfully requests that judgment be entered in his favor for an amount in excess of One Hundred Seventy Nine Thousand ($179,000.00) Dollars plus costs and attorneys fees incurred in prosecuting this claim in accordance with New Jersey Law and for such other and further relief as this Court deems just and proper.

## COUNT II - PROFESSIONAL NEGLIGENCE

41. Plaintiff incorporates paragraphs 1 through 40 above as if they were set forth at length herein.

42. The Firm is a professional corporation organized and existing pursuant to the laws of the Commonwealth of Pennsylvania.

43. Simolike is an attorney licensed to practice law in the State of New Jersey.

44. As stated in greater detail herein above, the Firm and Simolike undertook the legal representation of Capobianco in connection with his sale of the Property.

45. Both the Firm and Simolike agreed to draft the promissory note for the Property, the mortgage to secure the promissory note and to record the mortgage securing the promissory note.

46. In so doing, the Firm and Simolike had a duty to record the fully executed mortgage.

47. That notwithstanding, the Firm and Simolike breached the duty of care that they owed to Capobianco as their client by failing to record the mortgage as originally promised.

48. The Firm and Simolike breached the duty of care that they owed to Capobianco as their client by failing to consult with Capobianco regarding his consent and/or intention to forego the recordation of the mortgage securing the promissory note.

49. As the direct and proximate result of the Firm's and Simolike's breaches of the duty of care that they owed to Capobianco, Capobianco did not take any further steps to record the mortgage securing the promissory note.

50. As the direct and proximate result of the Firm's and Simolike's breaches of the duty of care that they owed to Capobianco, Capobianco suffered damages in excess of One Hundred Seventy Nine Thousand ($179,000.00) Dollars.

51. Specifically, following Simolike's failure to record the mortgage securing the promissory note, Joseph and Camille executed a mortgage in favor of Chase Home Finance, LLC which was recorded.

52. Thereafter, Joseph and Camille defaulted on the promissory note.

53. Notwithstanding the judgment that Capobianco obtained in his favor and against Joseph and Camille, the Property is now unavailable to satisfy the outstanding judgment since Chase Home Finance, LLC now stands in a position superior to Capobianco's since its mortgage was recorded prior to Capobianco's mortgage.

54. As of the date hereof, neither Joseph nor Camille have any other assets available to satisfy the outstanding judgment entered against them and in favor of Capobianco.

55. Had Simolike recorded the mortgage securing the promissory note, as originally promised, Capobianco would be entitled to foreclose on the Property and have the proceeds from the sale thereof applied to satisfy his judgment.

56. As the direct and proximate result of the Firms and Simolike's breaches of the duty of care that they owed to Capobianco, Capobianco has suffered damages in excess of One Hundred Seventy Nine Thousand ($179,000.00) Dollars.

WHEREFORE, Lawrence Capobianco respectfully requests that judgment be entered in his favor for an amount in excess of One Hundred Seventy Nine Thousand ($179,000.00) Dollars plus costs and attorneys fees incurred in prosecuting this claim in accordance with New Jersey

Law and for such other and further relief as this Court deems just and proper.

## COUNT III - BREACH OF FIDUCIARY DUTY

57. Plaintiff incorporates paragraphs 1 through 56 above as if the same were set forth at length herein.

58. As stated in greater detail herein above, the Firm and Simolike undertook the legal representation of Capobianco in connection with his sale of the Property to Joseph and Camille.

59. Specifically, the Firm and Simolike undertook to prepare the contract of sale for the Property, a deed for the transfer of the Property, a promissory note evidencing Joseph's and Camille's indebtedness to Capobianco and the mortgage securing the promissory note with the Property.

60. The Firm and Simolike also undertook to record the mortgage securing the promissory note.

61. As the result of their representation of Capobianco and the undertakings on his behalf described above, the Firm and Simolike stood in a fiduciary capacity with respect to Capobianco.

62. Accordingly, the Firm and Simolike owed a duty of utmost loyalty to Capobianco.

63. The Firm and Simolike breached the fiduciary duty owed to Capobianco by failing to record the mortgage as originally promised.

64. The Firm and Simolike breached the fiduciary duty owed to Capobianco as their client by failing to consult with Capobianco regarding his consent and/or intention to forego the recordation of the mortgage securing the promissory note.

65. In fact, the Firm and Simolike breached the fiduciary duty that they owed to

Capobianco by undertaking to represent Capobianco while representing the competing interests of Joseph and Camille.

66. As the direct and proximate result of the Firms and Simolike's breaches of the fiduciary duty that they owed to Capobianco, Capobianco has suffered damages in excess of One Hundred Seventy Nine Thousand ($179,000.00) Dollars.

WHEREFORE, Lawrence Capobianco respectfully requests that judgment be entered in his favor for an amount in excess of One Hundred Seventy Nine Thousand ($179,000.00) Dollars plus costs and attorneys fees incurred in prosecuting this claim in accordance with New Jersey Law and for such other and further relief as this Court deems just and proper.

## COUNT IV - BREACH OF CONTRACT

67. Plaintiff incorporates paragraphs 1 through 66 above as if they were set forth at length herein.

68. As stated in greater detail herein above, the Firm and Simolike contracted with Capobianco to provide legal services in connection of his sale of the Property to Joseph and Camille.

69. Such contract was a valid and legally binding contract for services.

70. Pursuant to said contract, the Firm and Simolike were required to draft the contract of sale, the deed to transfer the Property, the promissory note for the Property, the mortgage to secure the promissory note and to record the mortgage securing the promissory note.

71. Pursuant to said contract, the Firm and Simolike owed a duty of good faith and fair dealing to Capobianco.

72. The Firm and Simolike breached the terms of the contract by failing to record the mortgage securing the promissory note.

73. The Firm and Simolike breached the duty of good faith and fair dealing under the terms of the contract by failing to notify him that they were not recording the mortgage securing the promissory note.

74. As the direct and proximate result of the Firm's and Simolike's breaches of the terms of the contract, Capobianco suffered damages in excess of One Hundred Seventy Nine Thousand ($179,000.00) Dollars.

WHEREFORE, Lawrence Capobianco respectfully requests that judgment be entered in his favor for an amount in excess of One Hundred Seventy Nine Thousand ($179,000.00) Dollars plus costs and attorneys fees incurred in prosecuting this claim in accordance with New Jersey Law and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

ALAN L. FRANK, ESQUIRE
ALAN L. FRANK LAW ASSOCIATES, P.C.
1103 Laurel Oak Road
Suite 140
Voorhees, NJ 08043
(856) 321-1120
Fax No. (856) 321-1233
E-mail: afrank@alflaw.net

Dated: February __, 2011

## JURY TRIAL DEMAND

A jury trial is hereby demanded.

_____
ALAN L. FRANK, ESQUIRE
ALAN L. FRANK LAW ASSOCIATES, P.C.
1103 Laurel Oak Road
Suite 140
Voorhees, NJ 08043
(856) 321-1120
Fax No. (856) 321-1233
E-mail: afrank@alflaw.net

Dated: February ___, 2011