UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE CAPOBIANCO,<br><br>        Plaintiff,<br><br>   v.<br><br>ARLENE GLENN SIMOLIKE, ESQ.<br>and ARLENE GLENN SIMOLIKE ESQ.<br>AND ASSOCIATES, P.C.,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-625<br>(JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

ALAN L. FRANK LAW ASSOCIATES, P.C.
By: Alan L. Frank, Esq.
1103 Laurel Oak Road, Suite 140
Voorhees, NJ 08043
    Counsel for Plaintiff

SWARTZ CAMPBELL LLC
By: Jeffrey B. McCarron, Esq.
Two Liberty Place
50 South 16th Street, 28th Floor
Philadelphia, PA 19102
    Counsel for Defendants

**IRENAS**, Senior District Judge:

    Plaintiff Lawrence Capobianco initiated this action against Arlene Glenn Simolike, Esq. and Arlene Glenn Simolike Esq. and Associates, P.C., (collectively "Defendants"), after discovering that Simolike did not record the mortgage on a North Wildwood property executed in favor of Capobianco.[1]  Pending before the

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

1

Court is Defendants' Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(3).

**I.**

Plaintiff was the owner of real estate located in North Wildwood (the "Property"). (Compl. ¶ 7.) In 2003, he sold the Property to his son and daughter-in-law, Joseph and Camille Capobianco (collectively "the Buyers"), for $180,000 to be paid over a thirty year period at a rate of $500 per month without interest. (*Id.* ¶¶ 9-10.)

Plaintiff and the Buyers split the cost of having Defendants prepare a contract for sale of the Property, a deed for transfer of the Property, a promissory note evidencing the Buyers' indebtedness to Plaintiff, and a mortgage securing the promissory note with the Property. (*Id.* ¶ 13.) Defendants did not seek a waiver of the conflict of interest created by representing both Plaintiff and the Buyers of the Property. (*Id.* ¶ 14.)

Although Defendants prepared all of the documents, which were executed by Plaintiff and the Buyers, the mortgage was not recorded.[2] (*Id.* ¶¶ 15, 18.) According to Plaintiff, he first became aware that the mortgage had not been recorded in May 2009 when he visited Defendants because the Buyers had failed to make

---

[2] Plaintiff alleges that it is his belief that Camille Capobianco contacted Simolike and advised her not to record the mortgage on the Property that was executed in favor of Plaintiff. (Compl. ¶ 16.)

payments for several months.  (*Id.* ¶ 20.)  At that time, Plaintiff also learned that in 2006 the Buyers mortgaged the Property in favor of Chase Home Finance, LLC.  (*Id.* ¶ 21.)

Plaintiff then recorded the mortgage, initiated a lawsuit against the Buyers, and obtained a judgment in the amount of $179,000, the balance due under the promissory note.  (*Id.* ¶ 26.)  According to Plaintiff, the Buyers do not have any assets to satisfy the outstanding judgment against them, and the Property is encumbered by the first mortgage recorded in favor of Chase Home Finance, LLC.[3]  (*Id.* ¶ 29.)  Therefore, according to Plaintiff, the judgment he obtained is uncollectible and has no real value.  (*Id.* ¶ 30.)

Plaintiff initiated the instant action on March 31, 2011 against Defendants, alleging claims for conflict of interest, professional negligence, breach of fiduciary duty and breach of contract.  Defendants moved to dismiss the Complaint for failure to state a claim and improper venue pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(3).

**II.**

**A.**

A defendant seeking dismissal under Rule 12(b)(3) has the

---

[3] Camille Capobianco filed for protection pursuant to the United States Bankruptcy Code on December 9, 2010.  (Compl. ¶ 27.)  Plaintiff believes that a bankruptcy filing on behalf of Joseph is imminent.  (*Id.* ¶ 28.)

3

burden of showing that venue is improper.  *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982).  Pursuant to 28 U.S.C. § 1391(a),

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

**B.**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping

4

legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible.  *Phillips*, 515 F.3d at 234.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).  A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint."  *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.

#### A.

Defendants move to dismiss the action for improper venue arguing that no substantial part of the events or omissions giving rise to the claim occurred within New Jersey.

Alternatively, Defendants seek a transfer to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406, which permits a court to transfer a case filed in an improper venue to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Defendants argue that because documents related to the sale of the Property were prepared in Pennsylvania, the proper venue is the Eastern District of Pennsylvania. However, the Property was located in Wildwood, New Jersey, and Defendants' failure to record the mortgage occurred in New Jersey. This satisfies the "substantial part of the events" standard in § 1391(a)(2), which "is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).

Accordingly, Defendants' Motion to Dismiss for improper venue is denied.[4]

**B.**

Defendants argue that Plaintiff has failed to state claims for conflict of interest and breach of fiduciary duty because

---

[4] Since venue is proper in this district, Defendants' motion to transfer pursuant to 28 U.S.C. § 1406 is also denied. While Defendants have not sought a transfer to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404, the Court notes that it is unlikely that such a transfer would be in the interests of justice or for the convenience of the parties and witnesses. *See* 28 U.S.C. § 1404(a).

Plaintiff has not alleged disloyal or dishonest conduct. (Defs' Br. in Support at 6.) Defendants further argue that Plaintiff has failed to state a claim for conflict of interest because a violation of ethical rules cannot form the basis of a civil cause of action for damages. (Defs' Reply at 2.)

While Defendants are correct that a violation of the Rules of Professional Conduct standing alone does not give rise to a civil cause of action for damages, *see Baxt v. Liloia*, 155 N.J. 190, 198 (1998), Plaintiff is not relying solely on a violation of the Rules of Professional Conduct to make out his conflict of interest claim. A review of Count One of the Complaint indicates that Plaintiff has pled a claim for legal malpractice based on Defendants' conflict of interest in representing both Plaintiff and the Buyers.

Legal malpractice requires that a plaintiff demonstrate "(1) the existence of an attorney-client relationship creating a duty of care upon the attorney; (2) the breach of that duty; and (3) proximate causation." *Jerista v. Murray*, 185 N.J. 175, 190-91 (2005).

Plaintiff alleged that Defendants undertook legal representation of him in connection with the sale of the Property (*see* Compl. ¶ 35), that Defendants breached a duty of care by representing both Plaintiff and the Buyers of the Property despite the conflict of interest and by failing to record the

7

mortgage (*Id.* ¶¶ 38-39), and that this breach proximately caused damages in the amount of $179,000 to Plaintiff (*Id.* ¶ 40). Therefore, Count One of Plaintiff's Complaint states a claim for legal malpractice.[5]

Count Three of Plaintiff's Complaint is a claim for breach of fiduciary duty. Under New Jersey law, such a claim requires that the plaintiff show "that one party places trust and confidence in another who is in a dominant or superior position." *McKelvey v. Pierce*, 173 N.J. 26, 57 (2002). While a breach of fiduciary duty claim "may arise in the legal malpractice context," it may also be "prosecuted as an independent tort." *Packard-Bamberger & Co., Inc. v. Collier*, 167 N.J. 427, 443 (2001). As the New Jersey Supreme Court explained, "an attorney who intentionally violates the duty of loyalty owed to a client commits a more egregious offense than one who negligently breaches the duty of care." *Id*.

Accepting all of Plaintiff's allegations in the Complaint as true, Plaintiff has stated a plausible claim for breach of fiduciary duty. Plaintiff has alleged the requisite attorney-

---

[5] New Jersey requires that a plaintiff claiming professional malpractice file an affidavit of merit to show that there "exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standard or treatment practices." N.J.S.A. § 2A:53A-27. The affidavit must be filed within 60 days following the date that the defendant files his answer. *See id.*

client relationship (*see* Compl. ¶¶ 58-61), an alleged breach of that relationship through representation of Plaintiff and the Buyers who had competing interests and an allegedly intentional failure to record the mortgage (*see* Compl. ¶¶ 63-65, 16, 23), and resulting damages (*see* Compl. ¶ 66). *See Kim v. Baik*, 2007 WL 674715, at *3 (D.N.J. Feb. 27, 2007)(denying motion to dismiss breach of fiduciary duty claim where plaintiff alleged attorney-client relationship and potential intentional misconduct).

Accordingly, Defendants' Motion to Dismiss Plaintiff's fiduciary duty claim is denied.[6]

**IV.**

For the reasons stated above, Defendants' Motion to Dismiss will be denied. An appropriate Order accompanies this Opinion.

Dated: April 25, 2011

s/Joseph E. Irenas
**JOSEPH E. IRENAS, S.U.S.D.J.**

---

[6] Defendants also move to dismiss Plaintiff's request for "such other and further relief as this Court deems just and proper," arguing that it is not a statement of relief sought. (Defs' Br. in Support at 6-7.) Defendants' motion is denied.

9